# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FAYE R. HOBSON,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　Agency.

DOCKET NUMBER
CH-1221-17-0203-W-1

DATE: October 6, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Faye R. Hobson, Fort Campbell, Kentucky, pro se.

Melissa Martinez, Peachtree City, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal without prejudice, subject to automatic refiling at a later date. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and FORWARD the matter to the Central Regional Office for adjudication as a timely refiled appeal. 5 C.F.R. § 1201.113(b).

¶2 For purposes of this decision, we note that the appellant previously filed her first IRA appeal, *Hobson I*, alleging that eight nonselections between 2012 and 2014 were the result of her protected whistleblowing activity. *Hobson v. Department of Defense (Hobson I)*, MSPB Docket No. CH-1221-15-0470-W-1, Initial Appeal File (0470 IAF), Tab 115, Initial Decision (0470 ID); *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-15-0470-W-1, Final Order (Oct. 4, 2022). In that case, the administrative judge found that the appellant met her burden of proving exhaustion through Office of Special Counsel (OSC) File No. MA-15-0932. 0470 ID at 6-7; *see* 0470 IAF, Tab 1 at 8. She also found that the appellant proved that she engaged in protected activity when, in 2005, she made a disclosure concerning the agency's alleged noncompliance with state and Federal special education requirements at Barkley Elementary School. 0470 ID at 7-8. However, the administrative judge found that the appellant failed to prove that this protected disclosure was a contributing factor in her nonselections. 0470 ID at 8-24. Therefore, she denied the appellant's request for corrective action. 0470 ID at 24. The appellant filed a petition for review. *Hobson v.*

*Department of Defense*, MSPB Docket No. CH-1221-15-0470-W-1, Petition for Review File, Tab 1.

¶3    While *Hobson I* was pending, the appellant filed another complaint with OSC, File No. MA-16-4697. *Hobson v. Department of Defense (Hobson II)*, MSPB Docket No. CH-1221-17-0203-W-1, Initial Appeal File (0203 IAF), Tab 1 at 2, 10-13. The instant IRA appeal, *Hobson II*, followed OSC's closure of that complaint. *Id.* The administrative judge instructed the appellant to identify the precise issues involved in *Hobson II*, separate from those addressed in *Hobson I*, and meet her jurisdictional burden. 0203 IAF, Tabs 3-4. After the appellant responded, 0203 IAF, Tabs 7-11, the administrative judge dismissed *Hobson II* without prejudice, 0203 IAF, Tab 12, Initial Decision (0203 ID) at 7-8. She explained that there was at least some overlap between *Hobson I* and *Hobson II*, the former was pending review before the Board, and that review could affect the latter. *Id.* The administrative judge's decision further explained that *Hobson II* would be automatically refiled within 10 days of the Board's decision in *Hobson I*, or on September 28, 2017, whichever was earlier. 0203 ID at 8.

¶4    Rather than wait for the automatic refiling of *Hobson II*, the appellant filed a petition for review. *Hobson v. Department of Defense*, MSPB Docket No. CH-1221-17-0203-W-1, Petition for Review (0203 PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. 0203 PFR File, Tabs 3, 5.

¶5    An administrative judge has wide discretion to control the proceedings before her, and a dismissal without prejudice to refiling is a procedural option committed to her sound discretion. *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009). The Board has held that an administrative judge may sua sponte dismiss an appeal without prejudice when such a dismissal is in the interests of fairness, due process, and administrative efficiency. *Gidwani v. Department of Veterans Affairs*, 74 M.S.P.R. 509, 511 (1997).

¶6    The appellant's arguments on review do not demonstrate that the administrative judge abused her discretion in dismissing this case without prejudice for automatic refiling at a later date. 0203 PFR File, Tab 1 at 6-13. In fact, it appears that the appellant's arguments merely reflect a misunderstanding of that dismissal; she essentially has argued the merits of her appeal, rather than the propriety of the administrative judge's decision to delay that appeal. *Id.*; *see generally Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 14 (2006) (recognizing that a dismissal without prejudice is not a decision on the merits); *Peltier v. Department of Justice*, 79 M.S.P.R. 674, 677 (1998) (same).

¶7    Even if the administrative judge had erred in dismissing *Hobson II* without prejudice for automatic refiling, the matter is now moot. The administrative judge determined that *Hobson II* would be automatically refiled after either September 28, 2017, or the Board's decision in *Hobson I*. 0203 ID at 8. Both of those intervening events have occurred, so *Hobson II* is ripe for adjudication, regardless of our decision on the propriety of the dismissal without prejudice. *See Henry v. Department of Veterans Affairs*, 110 M.S.P.R. 213, ¶ 6 (2008) (concluding that the Board need not determine whether the administrative judge abused her discretion in dismissing an appeal without prejudice pending an intervening event because that event had since occurred and the appeal was ripe for adjudication). Accordingly, we deny the appellant's petition concerning the dismissal of *Hobson II* without prejudice and forward the appeal to the Central Regional Office for docketing and adjudication as a refiled appeal.[2]

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.